# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NOVO NORDISK A/S AND NOVO NORDISK INC., | |
| Plaintiffs, | No. 24 CV 11541 |
| v. | Judge Thomas M. Durkin |
| AMBROSE MEDICAL LLC, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Novo Nordisk A/S and Novo Nordisk Inc. (together, "Novo Nordisk") bring this action against Ambrose Medical LLC ("Ambrose") alleging false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); violations of the Illinois Uniform Deceptive Trade Practices Act ("UDTPA"), 815 ILCS 510/1 *et seq.*; and common law unfair competition. Ambrose moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. R. 15. For the following reasons, that motion is denied.

## Legal Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, the complaint must provide the defendant with "fair notice" of the claim and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). The Court may also consider "documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (cleaned up).

## Background

Novo Nordisk is a healthcare company that manufactures three Food and Drug Administration ("FDA") approved pharmaceuticals that treat diabetes and chronic weight management: Wegovy, Ozempic, and Rybelsus. R. 1 ¶¶ 1–2. Semaglutide is the primary ingredient of all three. *Id.* ¶ 2. They have been extensively studied in clinical trials. *Id.* ¶ 27. Novo Nordisk is the only company in the United States that manufactures FDA-approved products containing semaglutide. *Id.* ¶ 3. The FDA has not approved any generic versions of semaglutide medicines and has sent letters to companies notifying them that Ozempic and Wegovy are the only "two injectable semaglutide products FDA-approved for the U.S. market." *Id.* ¶ 5.

Ambrose is a medical clinic that offers its patients a combined semaglutide and B12 injectable compound. R. 1-1 at 4. Compounding is the process of combining, mixing, or altering ingredients of a drug to create a medication. R. 1 ¶ 34. However, the FDA does not approve compounded drugs. *Id.* ¶ 35. On its website, Ambrose advertises that "[s]emaglutide is FDA-approved to help people lose and maintain a healthy weight." R. 1-1 at 3. Ambrose also states that, according to a recent study, "[t]hose taking [s]emaglutide lost just over 15% of their body fat[.]" *Id.*

Novo Nordisk brought this lawsuit claiming that these statements falsely or misleadingly represent to patients that Ambrose's products are FDA-approved or are equivalent to Novo Nordisk's FDA-approved semaglutide medicines.

## Discussion

### I. False Statement

Ambrose contends that its statements are true and not misleading. The Lanham Act prohibits false or misleading "commercial advertising or promotion of the nature, characteristics, qualities, or geographic origin of the advertiser's or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). To state a false or deceptive advertising claim under § 1125(a)(1)(B), a plaintiff must allege that "(1) the defendant made a material false statement of fact in a commercial advertisement; (2) the false statement actually deceived or had a tendency to deceive a substantial segment of its audience; and (3) the plaintiff has been or is likely to be injured as a result of the false statement." *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 381–82 (7th Cir. 2018). The Seventh Circuit recognizes two types of false

advertising claims under the Lanham Act: "those that are literally false and those that are literally true but misleading." *Id.* at 382.

Ambrose offers patients a prescription compound of semaglutide and B12. As alleged, compounded drugs are not FDA-approved, and Novo Nordisk's pharmaceuticals are the only FDA-approved medicines containing semaglutide. Ambrose advertises its compound by claiming that "semaglutide is FDA-approved." This may be true when taken out of the context of Ambrose's advertisement. But an "alleged literal falsehood must be considered in context and with reference to the audience to which the statement is addressed." *Schering-Plough Healthcare Prods., Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 5113 (7th Cir. 2009). What is relevant to Novo Nordisk's claim is not merely the statement fragment that "semaglutide is FDA-approved" but the entire message of Ambrose's advertisement. *See FireBlok IP Holdings v. Hilti, Inc.*, No. 19-cv-50122, 2025 WL 1557924, at *3 (N.D. Ill. June 2, 2025) ("To determine if a statement is literally false, two questions must be answered: (1) what is the message that is being conveyed to the customer, and (2) is that message false." (citation omitted)). Here, Novo Nordisk has plausibly alleged that Ambrose's message to consumers is that its compound is FDA approved. That is a false statement, so Novo Nordisk has plausibly alleged that Ambrose's advertisement is a false statement.

Ambrose argues that it has a disclaimer on its webpage which indicates that its services have not been evaluated by the FDA. R. 16 at 7 n.7. But that argument

does not undermine the plausibility of Novo Nordisk's allegation that the message is false for the reasons the Court has already discussed.

Ambrose also contends that its statement that semaglutide is FDA-approved is not literally false or misleading because the FDA, National Institute of Health, and Novo Nordisk have stated that semaglutide is FDA approved. But Novo Nordisk has plausibly stated a claim for false advertising by setting forth the specific statements that it challenges and asserting that those statements are false. Moreover, additional statements by the FDA and other government entities regarding approval of semaglutide are not relevant to the message of Ambrose's advertisement, which is that its compound has been FDA approved.

Ambrose also argues that Novo Nordisk has not sufficiently alleged that it is injured as a result of the false statement. A plaintiff can plead the injury requirement by alleging injuries "to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentation." *Eli Lilly*, 893 F.3d at 383 (citation omitted). Novo Nordisk's pharmaceuticals are the only FDA-approved medicines containing semaglutide in the United States. Ambrose's advertisement of its semaglutide/B12 compound plausibly creates the false and misleading impression that consumers are receiving medicines similar to Novo Nordisk's, when in reality they are not. Novo Nordisk alleges that Ambrose's actions are causing injuries to its business reputation. *See* R. 1 ¶ 66. Thus, Novo Nordisk has sufficiently alleged an injury to its commercial interests.

5

II.     Preclusion

Ambrose further argues that Novo Nordisk's complaint is precluded by the Food, Drug, and Cosmetics Act ("FDCA"). *See Eli Lilly & Co. v. Rousell Corp.*, 23 F. Supp. 2d 460, 477–78 (D.N.J. 1998) (dismissing plaintiff's complaint because it failed to point to any statements or representations in defendants' advertising which declared that they had obtained proper FDA approval and finding this was a veiled attempt at enforcing the FDCA). The Supreme Court has entertained the possibility that federal statutes may conflict such that a claim under one statute is precluded by another. *See POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 108–09 (2014). However, the Supreme Court has expressly held that the FDCA *does not* preclude Lanham Act claims about false advertising of products regulated under the FDCA. *Id.*; *see also Par Sterile Prods., LLC v. Fresenius Kabi USA LLC*, No. 14 C 3349, 2015 WL 1263041, at *4 (N.D. Ill. Mar. 17, 2015) (explaining that the FDCA does not preclude Lanham Act claims when the concern is the extent of "deception of consumers as to the fact of whether a product carries the imprimatur of FDA approval").

Nevertheless, Ambrose argues that there is conflict here between the FDCA and Novo Nordisk's Lanham Act claim because, pursuant to the FDCA, the FDA permitted licensed pharmacists or physicians to compound semaglutide under certain circumstances. Ambrose suggests that this permission from the FDA allows it to market and prescribe its semaglutide/B12 compound. *Cf. Eon Labs Mfg., Inc. v. Watson Pharm., Inc.*, 164 F. Supp. 2d 350, 363 (S.D.N.Y. 2001) (finding as a matter

of law that it could not be false or misleading to market the same drugs as both a generic and branded item if the active ingredient is approved through a New Drug Application for the indicated uses). And furthermore, according to Ambrose, the FDA's permission to compound with semaglutide means that Ambrose's advertisement implying that its compound is "FDA-approved" is not false.

The problem with this argument is that Ambrose has not provided any authority that FDA permission to compound with a certain substance is equivalent to "FDA approval." Ambrose has not explained in its brief the requirements for FDA approval or argued that permission to compound satisfies those requirements. Without authority that permission to compound is equivalent to FDA approval, Ambrose's argument about its permission to compound with semaglutide does not undermine the plausibility of Novo Nordisk's claim that it was false for Ambrose to describe its compound as "FDA approved."

III.    State Law Claims

Lastly, Ambrose moves to dismiss Novo Nordisk's causes of action for violations of the UDTPA and common law unfair competition. Where, as here, the "plaintiff's factual allegations under the UDTPA also form the basis for the plaintiff's claim under the Lanham Act, the legal inquiry is the same under both statutes." *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill. 2004) (citation omitted). Therefore, Novo Nordisk's UDTPA claim "rise[s] or fall[s] based on its Lanham Act claim." *Dynamic Fluid Control Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 739 (N.D. Ill. 2011). Additionally, the UDTPA is a codification of common law

unfair competition, so the common-law claim need not be analyzed separately. *See La Zara Trattoria, Inc. v. LoBue*, No. 12 C 135, 2012 WL 3308846, at *3 (N.D. Ill. Aug. 10, 2012). Given the above findings that Novo Nordisk has sufficiently pleaded a claim for false advertising under the Lanham Act, the Court also finds that Novo Nordisk's complaint states UDTPA and common law claims.

## Conclusion

For the foregoing reasons, Ambrose's motion to dismiss, R. 15, is denied. By October 15, 2025, the parties shall file a joint status report with a proposed discovery schedule.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: September 30, 2025